**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| ALLENTOWN CENTRAL CATHOLIC | : | |
| HIGH SCHOOL | : | |
| 301 N. Fourth Street | : | |
| Allentown, PA  18102-3098 | : | CIVIL ACTION |
| | : | NO. 22-3139 |
| v. | : | |
| | : | |
| SODEXO OPERATIONS, LLC | : | |
| 9801 Washingtonian Boulevard | : | |
| Gaithersburg, MD  20878 | : | |
| | : | |
| and | : | |
| | : | |
| SIMCO SALES SERVICE OF PA, INC. | : | |
| 101 Commerce Drive | : | |
| Moorestown, NJ 08057 | : | |

## PLAINTIFF'S COMPLAINT

Plaintiff, Allentown Central Catholic High School, by and through their attorneys, Margolis Edelstein, hereby files this Complaint, and states:

## PARTIES

1.      Allentown Central Catholic High School (Allentown Central), is a parochial high school who owns and operates the property at 301 N. Front Street, Allentown, PA 18102.

2.      Sodexo Operations is an international company providing food and facility management services and a Delaware corporation with a US headquarters at 9801 Washingtonian Boulevard, Gaithersburg, MD 20878.

3.      Simco Sales Service of PA, Inc. is a distributer of Jack & Jill Ice Cream products and has its principal place of business at 101 Commerce Drive, Moorestown, NJ 08057.

## JURISDICTION AND VENUE

4.      Jurisdiction is based on 28 U.S.C. §1332(a)(1) as this action involves a controversy between entities and/or citizens of different states; moreover, the amount in controversy exceeds the jurisdictional threshold of this Court (exclusive of interest and costs).

5.      Venue is proper in this district based on 28 U.S.C. §1391(a) in that events giving rise to this claim occurred within this district.

## STATEMENT OF FACTS

6.      On February 11, 2019, while employed by Simco Sales Service of PA, Bernard Hornick was making a delivery to Sodexo Operations at Allentown Central Catholic High School when he slipped on ice and fell causing injuries.

7.      Hornick filed suit for personal injuries against Allentown Central Catholic High School and the City of Allentown on June 21, 2019.  That action, captioned *Hornick v. City of Allentown*, Lehigh County Court of Common Pleas, NO. 2019-C-1928, was dismissed.  A copy of the Lehigh County Complaint is attached hereto as Exhibit A.

8.      On July 8, 2020, Plaintiffs filed another action for personal injuries in Philadelphia against Allentown Central, Sodexo, and others captioned *Hornick v. Sodexo, et. al.,* Philadelphia County Court of Common Pleas, No.: 200700408.   A copy of the Philadelphia County First Amended Complaint is attached hereto as Exhibit B.

9.      Plaintiffs' Complaints allege Allentown Central, Sodexo, and others negligently failed to remove ice and snow causing Mr. Hornick's accident.  The Complaint has since been amended but not in any way material to the averments of negligence.

10.     At all times relevant hereto, Allentown Central had a Management Agreement with Sodexo whereby Sodexo agreed to be the exclusive food services vendor at the school (the ACCHS-Sodexo Agreement).  A copy of the Management Agreement is attached hereto and marked as Exhibit C.

11.     Upon information and belief, at all times relevant hereto, Sodexo had entered into a Regional Distribution Agreement with Simco Sales Service of PA to provide Jack & Jill food products to Sodexo at Allentown Central (the Sodexo-Simco Agreement).  A copy of the Sixth Amended Regional Distribution Agreement between Sodexo Operations, LLC and Simco Sales Service of PA is attached hereto and marked as Exhibit D.

12.     The ACCHS-Sodexo Agreement provides for indemnification as follows:

> 9.5     Mutual Indemnity.  Except as otherwise expressly provided in this Agreement, Sodexo and Client shall defend, indemnify and hold each other harmless from and against all claims, liability, loss and expense, including reasonable collection expenses, attorneys' fees and court costs which may arise because of the negligence, misconduct, or other fault of the indemnifying party, its agents or employees in the performance of its obligations under this Agreement.  This clause shall survive termination of the Agreement.

13.     The ACCHS-Sodexo Agreement states at paragraph 9.3 – Insurance, as follows:

> B.     Comprehensive or Commercial Insurance.  Sodexo shall maintain during the term of the Agreement, Comprehensive or Commercial General Bodily Injury and Property Damage Liability Insurance with a Combined Single Limit of not less than Five Million Dollars ($5,000,000.00) for each occurrence, including, but not limited to, Personal Injury Liability, Blanket Contractual Liability and Products Liability, covering only the operations and activities of Sodexo under the Agreement and, upon request, shall provide Client with a certificate evidencing such policies.  The insurance policies shall contain covenants by the issuing company that the policies shall not be canceled without thirty (30) days' prior written notice of cancellation.  Most Reverend John O. Barres D.D., Diocese of Allentown, Principal Yvonne McCarthy and Allentown Central Catholic High School shall be named as an additional insured under Sodexo's policies of insurance to the extent Client is indemnified pursuant to Section 9.5.

14.     On January 17, 2020, Allentown Central made the first of several, tenders of defense and indemnification to Sodexo through Sodexo's Third-Party Administrator, Gallagher Bassett,

and requested Sodexo provide proof that that Allentown Central had been identified as an additional insured on the general liability insurance policy issued to Sodexo.

15.     Allentown Central's request for defense and indemnification was denied and Allentown Central was never provided evidence that it had been named as an additional insured on the general liability insurance policy issued to Sodexo.

16.     In the Spring of 2021, Allentown Central learned of the Sodexo-Simco Agreement.

17.     The Sodexo-Simco Agreement provides for defense and indemnification of Allentown Central as a "BUYER" under the contract which states as follows:

6.     <u>Exhibit C "Indemnity Agreement"</u>.  Exhibit C shall be deleted in its entirety and replaced with Exhibit C "Indemnity Agreement" attached hereto and made a part hereof.

<u>INDEMNITY AGREEMENT</u>

For and in consideration of the purchase or use by Sodexo, Inc. and its Accounts, subsidiaries, affiliates, franchisors, licensors, licensees, customers, management services customers, successors, and assigns (hereinafter the "BUYERS") of goods manufactured by or distributed by or for and services rendered by or on behalf of the undersigned, its affiliates (hereinafter "SELLER"), SELLER does hereby agree for the express benefit of BUYERS as follows:

3.  <u>Indemnity</u>.  SELLER hereby agrees to indemnify, defend, and hold BUYERS harmless from and against any claim, demand, cause of action, liability, loss, damage, cost, or expense which directly or indirectly arises out of or is in any way associated with (a) a breach of the guaranty or warranty set forth above, or (b) any goods or services heretofore or hereafter received by BUYERS from SELLER, including but not limited to claims of personal injury, death (including injury or death to employees of SELLER) or property damage caused during or a result of the manufacturing, warehousing, sale, delivery, and/or distribution functions of the SELLER and use thereof, to the extent not due to the sole negligence of BUYERS; or (c) any Promotion (as defined in Paragraph 18.g of the Regional Distribution Agreement) executed by or on behalf of SELLER.

18. The Sodexo-Simco Agreement further provides that Allentown Central is to be named as an additional insured on the commercial general liability insurance policy issued to Simco:

> 4. Insurance. SELLER shall, at all times, maintain the types of insurance in the levels set forth on Schedule 1. Pursuant to Schedule 1, the Insurance Level applicable to Seller's Products is (circle only one)
>
> I     II     III     IV
>
> and Vendor's Products are primarily within Risk Category (circle only one):
>
> A     B     C
>
> Such insurance shall be issued by reputable insurers reasonably acceptable to BUYERS. This insurance shall name BUYERS as an additional insured under an "Additional Insured" endorsement, shall be primary over any insurance maintained by BUYERS, and shall provide that BUYERS will be given at least thirty (30) days' prior written notice of any cancellation or reduction in coverage. Upon execution of this Indemnity agreement, and thereafter ten (10) days prior to any renewals, SELLER shall provide BUYERS with a Certificate of Insurance evidencing the coverages herein required, and identifying the "Certificate Holder" as Sodexo, Inc., Risk Management Department, 9801 Washingtonian Boulevard, Gaithersburg, Maryland 20878. SELLER shall cause its insurers to endorse the required insurance hereunder to waive any rights of subrogation against BUYERS. Should SELLER fail to adhere to the requirements of this Section, BUYERS may order any such insurance and charge the cost thereof to SELLER, which amount shall be due and payable by SELLER upon demand.

19.     To avoid any doubt, the Sodexo-Simco Agreement expressly identifies all "BUYERS" as third-party beneficiaries under the Agreement.

> 6. Third Party Beneficiaries. It is the express intention of SELLER that each of the BUYERS shall be a third party beneficiary of this Indemnity Agreement and SELLER'S obligations herein shall be binding upon and to the benefit of such BUYERS and each BUYER shall be entitled to enforce its rights, promises, responsibilities, undertakings and remedies hereunder in its own name and on its own behalf. The rights of the third party beneficiaries shall vest immediately upon execution of this Indemnity Agreement. The provisions of this Indemnity Agreement shall prevail over any conflicting provisions contained in any purchase order, order confirmation, price list, invoice or the like used to order or to purchase any goods and services from SELLER.

20.     On April 21, 2021, Allentown Central made the first of several tenders of its defense and indemnification to Simco and Simco's commercial general liability insurance company.

21.     All tenders of defense and indemnification by Allentown Central to Sodexo, Simco, and Simco's commercial general liability insurer, Zurich American Insurance Company, have been denied.

22.     Neither Sodexo, Simco, or Zurich have provided the requested proof that Allentown Central has been named as an additional insured, nor has any carrier assumed Allentown Central's defense and/or reimbursed past fees incurred.

## COUNT I
## BREACH OF CONTRACT – INSURANCE PROCURMENT
## SODEXO OPERATIONS, LLC

23.     Plaintiff, Allentown Central Catholic High School incorporates herein by reference the above averments of this Complaint as if set forth at length herein.

24.     Pursuant to the ACCHS-Sodexo Agreement, Sodexo agreed that it would indemnify and defense Allentown Central against all claims arising from liability producing acts or omissions on the part of Sodexo, its agents or employees in furtherance of their contract obligations.

25.     Pursuant to the ACCHS-Sodexo Agreement, Sodexo was required to procure and to provide additional insured coverage for Allentown Central for claims arising from the operations and activities of Sodexo.

26.     To date, Sodexo has not agreed to indemnify or defend Allentown Central.

27.     Sodexo's failure to defend and indemnify Allentown Central is a breach of the ACCHS-Sodexo Agreement.

28.     To date, Sodexo's insurer has not agreed to provide coverage to Allentown Central for the claims brought by Bernard and Nancy Hornick.

29.     Sodexo's failure to provide insurance coverage for Allentown Central is a breach of the ACCHS-Sodexo Agreement.

30.     Sodexo's breaches of the Agreement have caused, are causing, and will in the future cause Allentown Central to incur expenses to investigate and defend the claims by Bernard and Nancy Hornick, including but not limited to legal fees, expert fees, and other costs of litigation.

31.     Sodexo's breaches of the Agreement have caused, are causing, and will in the future cause Allentown Central to incur expenses and costs to prosecute its claim against Sodexo to enforce Sodexo's obligations in the Agreement.

WHEREFORE, Allentown Central Catholic High School demands judgment in its favor and against Sodexo on the claims above and requests an award including attorney fees, costs, and interest, in excess of $150,000, for and in connection with the claims by Bernard and Nancy Hornick and by Allentown Central against Sodexo, and any other relief the Court deems fair and just.

## COUNT II
## CONTRACTUAL INDEMNIFICATION – SODEXO OPERATIONS, LLC

32.     Plaintiff, Allentown Central Catholic High School incorporates herein by reference the above averments of this Complaint as if set forth at length herein.

33.     Pursuant to the ACCHS-Sodexo Agreement, Sodexo agreed that it would indemnify and defense Allentown Central against all claims arising from liability producing acts or omissions on the party of Sodexo, its agents or employees in furtherance of their contract obligations.

34.     The ACCHS-Sodexo Agreement provides for indemnification as follows:

> 9.5     <u>Mutual Indemnity</u>.  Except as otherwise expressly provided in this Agreement, Sodexo and Client shall defend, indemnify and hold each other harmless from and against all claims, liability, loss and expense, including reasonable collection expenses, attorneys' fees and court costs which may arise because of the negligence, misconduct, or other fault of the indemnifying party, its agents or employees in the performance of its obligations under this Agreement.  This clause shall survive termination of the Agreement.

35.     To date, Sodexo has not fulfilled its obligations to defend and indemnify Allentown Central despite being on notice of the Hornick claim and Allentown Central's tender.

36.     Allentown Central has incurred and will, in the future, continue to incur expenses to investigate and defend the claims by Bernard and Nancy Hornick, including but not limited to legal fees, expert fees, and other costs of litigation and, because Sodexo agreed to defend and indemnify Allentown Central, Sodexo owes Allentown Central defense and indemnification in Hornick case and is contractually required to reimburse Allentown Central for all past, present, and future costs, expenses, and fees incurred in defense of the Hornick claims.

WHEREFORE, Allentown Central Catholic High School demands judgment in its favor and against Sodexo on the claims above and requests an award including attorney fees, costs, and interest, in excess of $150,000, for and in connection with the claims by Bernard and Nancy Hornick and by Allentown Central against Sodexo, and any other relief the Court deems fair and just.


**COUNT III**
**BREACH OF CONTRACT – INSURANCE PROCURMENT**
**SIMCO SALES SERVICE OF PA, INC.**


37.     Plaintiff, Allentown Central Catholic High School incorporates herein by reference the above averments of this Complaint as if set forth at length herein.

38.     Pursuant to the Sodexo-Simco Agreement, Simco agreed that it would defend and indemnify Allentown Central against all claims arising from goods or services provided by Simco.

39.     The Sodexo-Simco Agreement expressly grants third-party beneficiary status to Allentown Central.

40.     Pursuant to the Sodexo-Simco Agreement, Sodexo was required to procure and to provide additional insured coverage for Allentown Central for claims arising from the operations and activities of Sodexo.

41.     To date, Simco has not agreed to indemnify or defend Allentown Central.

42.     Simco's failure to defend and indemnify Allentown Central is a breach of the Sodexo-Simco Agreement.

43.     To date, Simco's insurer has not agreed to provide coverage to Allentown Central for the claims brought by Bernard and Nancy Hornick.

44.     Simco's failure to provide insurance coverage for Allentown Central is a breach of the Sodexo-Simco Agreement.

45.     Simco's breaches of the Agreement have caused, are causing, and will in the future cause Allentown Central to incur expenses to investigate and defend the claims by Bernard and Nancy Hornick, including but not limited to legal fees, expert fees, and other costs of litigation.

46.     Simco's breaches of the Agreement have caused, are causing, and will in the future cause Allentown Central to incur expenses and costs to prosecute its claim against Simco to enforce Simco's obligations in the Agreement.

WHEREFORE, Allentown Central Catholic High School demands judgment in its favor and against Simco on the claims above and requests an award including attorney fees, costs, and interest, in excess of $150,000,  for and in connection with the claims by Bernard and Nancy Hornick and by Allentown Central against Simco, and any other relief the Court deems fair and just.

## COUNT IV
## CONTRACTUAL INDEMNIFICATION – SIMCO SALES SERVICE OF PA, INC.

47.     Plaintiff, Allentown Central Catholic High School incorporates herein by reference the above averments of this Complaint as if set forth at length herein.

48.     Pursuant to the Sodexo-Simco Agreement, Simco agreed that it would indemnify and defense Allentown Central against all claims arising from, or associated with, goods and services, including deliveries.

49.     The Sodexo-Simco Agreement provides for indemnification as follows:

INDEMNITY AGREEMENT

For and in consideration of the purchase or use by Sodexo, Inc. and its Accounts, subsidiaries, affiliates, franchisors, franchisees, licensors, licensees, customers, management services customers, successors, and assigns (hereinafter the "BUYERS") of goods manufactured by or distributed by or for and services rendered by or on behalf of the undersigned, its affiliates (hereinafter "SELLER"), SELLER does hereby agree for the express benefit of BUYERS as follows:

3. Indemnity. SELLER hereby agrees to indemnify, defend, and hold BUYERS harmless from and against any claim, demand, cause of action, liability, loss, damage, cost, or expense which directly or indirectly arises out of or is in any way associated with (a) a breach of the guaranty or warranty set forth above, or (b) any goods or services heretofore or hereafter received by BUYERS from SELLER, including but not limited to claims of personal injury, death (including injury or death to employees of SELLER) or property damage caused during or a result of the manufacturing, warehousing, sale, delivery, and/or distribution functions of the SELLER and use thereof, to the extent not due to the sole negligence of BUYERS; or (c) any Promotion (as defined in Paragraph 18.g of the Regional Distribution Agreement) executed by or on behalf of SELLER.

50.     To date, Simco has not fulfilled its obligations to defend and indemnify Allentown Central despite being on notice of Hornick claim and Allentown Central's tender.

51.     Allentown Central has incurred and will, in the future, continue to incur expenses to investigate and defend the claims by Bernard and Nancy Hornick, including but not limited to legal fees, expert fees, and other costs of litigation and, because Simco agreed to defend and indemnify Allentown Central, Simco owes Allentown Central defense and indemnification in Hornick case and is contractually required to reimburse Allentown Central for all past, present, and future costs, expenses, and fees incurred in defense of the Hornick claims.

WHEREFORE, Allentown Central Catholic High School demands judgment in its favor and against Simco on the claims above and requests an award including attorney fees, costs, and

interest, in excess of $150,000,  for and in connection with the claims by Bernard and Nancy Hornick and by Allentown Central against Simco, and any other relief the Court deems fair and just.

MARGOLIS EDELSTEIN

By: _____
ELIZABETH HORNEFF, ESQUIRE
Attorney ID #56743
The Curtis Center, Suite 400E
170 S. Independence Mall W.
Philadelphia, PA  19106-3337
215-592-5876/215-922-1772(fax)
ehorneff@margolisedelstein.com